IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELIX ALVAREZ** : | |
|         **Petitioner,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 14-4750** |
| : | |
| : | |
| **JOHN KERESTES,** *et al.* : | |
|         **Respondents.** : | |

# ORDER

**AND NOW,** this 25th day of August 2016, upon careful and independent consideration of the Petition for Writ of Habeas Corpus, and all related filings, and upon review of the Report and Recommendation ("R&R") of United States Magistrate David R. Strawbridge, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**[1];

3. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing;

4. The Application for Appointment of Counsel [Doc. No. 14] is **DENIED**;

---

[1] Petitioner was convicted of third-degree murder, criminal conspiracy, and lesser charges relating to a nightclub shooting in Allentown, Pennsylvania. There was no dispute that Petitioner fired the weapon; he argued self-defense. The R&R thoroughly addressed Petitioner's claims that trial counsel was ineffective for failing to call character witnesses, that PCRA counsel was ineffective for failing to assert that appellate counsel was ineffective and for failing to properly investigate and interview witnesses (or for failing to argue trial counsel's ineffectiveness in that regard), and that his Sixth Amendment right to a fair trial was violated when he was required to pay for an interpreter. The Court agrees with the thorough analysis set forth in the R&R that Petitioner is not entitled to relief on any of these claims. To the extent that the claims were not procedurally defaulted (and in particular, it does not appear that Petitioner ever raised the claim regarding the interpreter in state court, and there is nothing in the state-court record to support it), Petitioner has not shown that that there is a basis for overcoming the deference due to the decisions of the state courts under 28 U.S.C. § 2254, nor has he shown that he was prejudiced by counsel's asserted failures. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

5. The Petition and Affidavit for Leave to Continue *In Forma Pauperis* [Doc. No. 15] is **DISMISSED AS MOOT** as Petitioner has already been granted leave to proceed *in forma pauperis* [Doc. No. 2];

6. The Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 60(b) [Doc. No. 16] is **DENIED**;[2]

7. There is no probable cause to issue a certificate of appealability[3]; and

8. The Clerk of Court is directed to **CLOSE** the case.

It is so **ORDERED**.

                                            **BY THE COURT:**

                                            /s/Cynthia M. Rufe

                                            _____

                                            **CYNTHIA M. RUFE, J.**

---

[2] Petitioner filed this motion after the Pennsylvania Supreme Court denied his petition for allowance of appeal from a July 17, 2015 decision of the Pennsylvania Superior Court denying as untimely his second PCRA petition. Although difficult to decipher, it appears that Petitioner argues that his sentence was illegal, but he has asserted no basis for relief under Rule 60(b), which, pursuant to *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), requires that Petitioner demonstrate that there was a defect in the integrity of federal *habeas* proceedings and extraordinary circumstances. Petitioner instead challenges the rulings of the Pennsylvania state courts.

[3] Petitioner has not made a substantial showing of the denial of a constitutional right; there is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).